UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CRAIG MOSKOWITZ and BARBARA MOSKOWITZ,
each on their own behalf, and as parents on behalf of their          Case No. 20-cv-1659
minor child, S.M.,

                   Plaintiffs,

     -against-

GREAT NECK UNION FREE SCHOOL DISTRICT,
THE BOARD OF EDUCATION OF THE GREAT NECK
UNION FREE SCHOOL DISTRICT, DANA SLACKMAN,
DR. GABRIELLA DUKE, KATE MUGNO, ROBIN
TRICHON, DR. ANTHONY IACOVELLI, LUCIANA
BRADLEY, and SARA GOLDBERG, each Individually,
and in their respective official capacities,

                   Defendants.
-------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT
DANA SLACKMAN'S
<u>MOTION TO DISMISS.</u>**


**<u>Submitted by</u>**

MAUREEN CASEY (6496)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant
DANA SLACKMAN
200 I.U. Willets Road
Albertson, NY 11507
(516) 535-2417
Our File No.: MIG 040820 MC

# Table of Contents

**Page #s**

**Table of Authorities** ................................................................ ii

I.  Preliminary Statement in Reply...................................... 1

II. Argument.................................................................. 1

    1. Plaintiffs failed to demonstrate that Dana Slackman had any involvement with any of the alleged pre-April 1, 2019 events ..... 1

    2. Plaintiffs do not refute that Dana Slackman was an independent contractor and not an employee of the School District. ............ 2

    3. Plaintiffs concede that Dana Slackman may not be held liable under the ADA or Section 504 ...................................... 2

    4. Dana Slackman did not create a hostile educational environment... 4

    5. Dana Slackman was not a state actor ................................. 4

    6. Plaintiffs have not established a Fourth Amendment violation .... 6

    7. Plaintiffs do not even argue that their Procedural and Substantive Due Process claims are substantiated against Dana Slackman ...... 7

    8. Plaintiffs do not refute that Dana Slackman violated plaintiffs' rights to equal protection under the law ............................... 9

    9. Dana Slackman is entitled to qualified immunity...................... 8

    10. State tort law claims should be dismissed ............................. 9

        a. False imprisonment ............................................. 9
        b. Intentional infliction of emotional distress................... 9
        c. Negligent infliction of emotional distress ................... 9
        d. Assault ........................................................... 9
        e. Punitive damages ............................................... 10

III. Conclusion ..................................................................... 10

## Table of Authorities

*Page #s*

*City & Cty of San Francisco*, 135 S. Ct. 1765, 1774 (2015) ....................... 8

*EC v. County of Suffolk*, 882 F. Supp 323, 349 – 350 .......................... 7

*Hogan v. Lewis Cty.*, 2018 U.S. Dist. LEXIS 167064 (N.D.N.Y. 2018) ........... 10

*Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) ................................ 7

*M. v. Stamford Bd. of Educ.*, 2008 U.S. Dist. LEXIS 51933 at *23
(D. Conn. July 7, 2008) ....................................................................... 4

*Masciotta v. Clarkstown Cent. Sch. Dist.* 136 F. Supp 527, 536
(S.D.N.Y. 2015) ................................................................................ 8

*Rodriguez v. Winski*, 973 F. Supp.2d 411, 422 (S.D.N.Y. 2013) .................. 5

*Spring v. Allegheny-Limestone Cent. Sch. Dist.*, 217 U.S. Dist.
LEXIS 209250 *30 ............................................................................. 9

*Tuff v. Village of Yorkville Police Dept.*, 217 U.S. Dist. LEXIS 12148 *10 ...... 3

*Wong v. Yoo*, 649 F. Supp.2d 34, 55 – 56 (E.D.N.Y., 2009) ....................... 4

**Preliminary Statement in Reply**

Defendant, Dana Slackman respectfully submits this memorandum of Law in reply to plaintiffs'

opposition and in further support of the motion to dismiss. Plaintiffs' counsel decided

unilaterally to file one brief in response to both Dana Slackman's motion to dismiss and the

School District defendants' motion to dismiss because it would be easier for her. Plaintiffs

devote 32 pages to argue their position in opposition to the motion to dismiss, however, it takes

19 pages into the argument before Dana Slackman's name is mentioned for the first time.

Plaintiffs' opposition contains scant reference to Dana Slackman and it is abundantly clear that

plaintiffs have failed to demonstrate a plausible basis to defeat the motion to dismiss.

**Argument**

1. **Plaintiffs failed to demonstrate that Dana Slackman had any involvement with any of the alleged pre-April 19, 2019 events**

It is unrefuted that Dana Slackman was not involved with plaintiffs prior to April 1, 2019.

Plaintiffs' statement of facts regarding the allegations of bullying that predated April 1, 2019

contain no reference to Dana Slackman nor do the facts indicate that any complaints were report

to her. There is no specific mention that she received such complaints nor is there any mention

that she specifically was unresponsive to these alleged complaints. This is consistent with the

allegations in the complaint. Plaintiffs merely argue that they are entitled to discovery to ferret

out whether Dana Slackman was involved in prior to the April 1, 2019 event. (Plaintiffs'

Memorandum of Law, XI, pg. 45) That is insufficient to overcome a motion to dismiss.

Plaintiffs' claim harassment and bullying by classmates and that this alleged behavior was

condoned by the defendants. Collectively referring to all the defendants and combining

opposition to both Dana Slack's and the School District defendants' motions is at best a veiled

attempt to prejudice the Court's view of Dana Slackman. The Court should not countenance this and further, absent any specific mention of Dana Slackman, all the pre-April 1, 2019 allegations should be dismissed.

2.   **Plaintiffs do not refute that Dana Slackman was not an independent contractor and not an employee of the School District**

Plaintiffs do not argue that the Outside Service Agreement entered into between Dana Slackman and the Great Union Free School District (see Exhibit "B" to original motion) should not be considered by this Court. Clearly plaintiffs must have had some basis or information upon which they relied to allege that Dana Slackman was an independent contractor. (Complaint, para. 20) Having portrayed Dana Slackman's relationship to the School District in a misleading fashion (i.e.: employee/independent contractor) this agreement is integral to clarify her relationship with the School District and it is appropriate for the Court to consider it. This is particularly true where there are constitutional claims requiring a determination of whether Dana Slackman was a state actor. Nor do plaintiffs argue that the agreement is unauthentic or otherwise suspect. There is no alternative interpretation of the Outside Service Agreement, as it clearly states that Dana Slackman was engaged "as an Independent Contractor". (See Exhibit "B" to the original motion)

3.   **Plaintiffs concede that dana Slackman may not be held liable under the ADA or Section 504**

It is readily apparent that plaintiffs' arguments regarding: 1) exhaustion of ADA/504 claims (Plaintiffs' Memorandum of Law, I, pgs. 13 to 18); 2) establishing a sufficient factual basis for the ADA/504 claims (Plaintiffs' Memorandum of Law, I, pgs. 18 to 19); and 3) sufficient Pleading of ADA/504 claims (Plaintiffs' Memorandum of Law, III, pgs. 27 to 28) bear

absolutely no relation to Dana Slackman and require dismissal. Indeed, plaintiffs concede, albeit in a footnote (Plaintiffs' Memorandum of Law, II, page 18) that " their ADA and Section 504 claims against individual defendants in their individual capacities… must be dismissed." Therefore, plaintiffs do not refute that the first four causes of action against Dana Slackman must be dismissed.

Furthermore, although plaintiffs brought suit against Dana Slackman in her individual and official capacity, there is nothing in plaintiff's memorandum of law to substantiate that she had any official capacity with the School District. That is because as an independent contractor Dana Slackman did not have an official role as the term is intended with the School District. An official capacity suit is merely an alternative means to a lawsuit against the responsible entity. *Tuff v. Village of Yorkville Police Dept.*, 217 U.S. Dist. LEXIS 12148 *10 Here, the infant plaintiff was within the custody and control of the School District on April 1, 2019. To the extent that there was any wrongdoing, which is neither suggested nor alleged by Dana Slackman, the School District is essentially the responsible entity and accordingly any claim against Dana Slackman in her "official capacity" should be dismissed.

Plaintiffs' opposition to the argument against retaliation under the ADA and Section 504 likewise makes no specific mention that it was Dana Slackman who allegedly banned the plaintiff parents for complaining about the harassment and bullying of their child. It is self – evident that an independent contractor, hired to provide behavior consultation services lacked the capacity and ability to ban any parent from school property. For this reason alone, the Third and Fourth causes of action must be dismissed.

### 4.    Dana Slackman did not create a hostile educational environment

The complaint is completely devoid of any allegation or assertion that Dana Slackman denied

plaintiffs the ability to engage in a fulsome educational and school experience.

Plaintiffs argue that the cause of action for creating a hostile learning environment requires

pleading requirements regarding the extent or severity of the harassment and that there was both

actual knowledge of the harassment and deliberate indifference *by the funding recipient.*

(Plaintiffs' Memorandum of Law, IV, pg. 28) "a recipient of federal funds under Title IX may be

held liable for discrimination…" " *M. v. Stamford Bd. of Educ.,* 2008 U.S. Dist. LEXIS 51933 at

*23 (D. Conn. July 7, 2008) Dana Slackman was not a recipient of federal funds nor do plaintiffs

claim that to be the case. "Further, liability can only be found in 'circumstances wherein the

[funding] recipient exercises substantial control over both the harasser and the context in which

the known harassment occurs." *Id.*

The complaint does not plausibly assert that Dana Slackman had any such control.  The cause of

action for hostile learning environment (Fifth cause of action) must be dismissed.

### 5.    Dana Slackman was not a state actor

Plaintiffs admit that Dana Slackman was a private actor.  (Plaintiffs' Memorandum of Law, V,

page 31) A scant nine (9) lines are devoted to Dana Slackman being deemed a state actor for

constitutional liability. (Plaintiffs' Memorandum of Law, XI, G. Page 44) Plaintiffs argue that

Dana Slackman, an independent contractor, transformed herself into a state actor by virtue of

joint action.  However, "to establish joint action, a plaintiff must show private citizen and the

state officials shared a common unlawful goal; the true state actor and the jointly acting private

party must agree to deprive the plaintiff of rights guaranteed by federal law. *Wong v. Yoo,* 649 F.

Supp. 2d 34, 55 – 56 (E.D.N.Y., 2009)

Here, there is no argument that there was any agreement of any kind between Dana Slackman and any School District employee to deprive the infant plaintiff of any civil right guaranteed under the federal law. Further, it cannot legitimately be argued that there was a common unlawful goal between School District employees and Dana Slackman. Plaintiffs admit that "[d]uring the 2018 – 2019 school year, S.M.'s behavior continued to worsen, which greatly interrupted his education due to emotional and behavioral dysregulation and hyperactivity." (Complaint, para. 41) It is therefore evident that in the face of the deteriorating behavior of this student that the goal was neither unlawful nor improper but rather the goal was to protect him from injuring himself and others when his behavior, including fleeing the classroom poses a danger to himself and others.

The facts presented here invite a comparison to Dana Slackman acting as a Good Samaritan however that does not render her to be a state actor absent the common goal and agreement to deprive plaintiffs of their constitutional rights.

"The touchstone of joint action is often a 'plan, prearrangement, conspiracy, custom or policy shared by the private actor and the police. " *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) No policy or plan has been articulated by plaintiffs that led to the restraint of plaintiff. Nor is there even a shred of evidence that Dana Slackman and the School District defendants conspired together in an effort to deprive plaintiff of his constitutional rights. The facts as alleged demonstrate that when presented with an 11-year-old student out of control it is clear that appropriate action needs to be taken. That in and of itself does not establish that there was a prearranged plan nor conspiracy to deprive plaintiff of his rights. There is no allegation

that Dana Slackman conspired with the School District defendants or that they shared any common unlawful goal. Therefore, plaintiffs have failed to establish that Dana Slackman was a state actor sufficient to impose constitutional liability.

6. **Plaintiffs have not established a Fourth Amendment violation**

Plaintiffs' Fourth Amendment claim must be dismissed since such a claim is governed by a reasonable standard within the context of the attendant responsibilities and goals of the public school. While it is not conceded that this standard or the Fourth Amendment claim has any viability against Dana Slackman it bears examination. Simply put, schools stand in the shoes of the parent while the student is within the custody and control of the school. Schools must carry out its responsibility not how a particular parent might have done but how a reasonable parent would have done under the similar circumstances.

Based upon plaintiffs' own description of the behavior that continued to worsen in 2018-2019 school year, including emotional behavior, dysregulation and hyperactivity (Complaint, para. 41) this behavior and the potential harm posed to plaintiff and others demonstrated the necessity that action be taken.

Further, plaintiffs make speculative allegations that Dana Slackman somehow threatened the infant plaintiff by virtue of her presence in the classroom to observe his behavior to support an argument that the infant plaintiff's behavior was somehow precipitated by her actions. This conjecture stands in stark contrast to the deteriorating behavior acknowledged by plaintiffs.

Plaintiffs argue in opposition that it is the activity that occurred prior to the restraint that requires discovery. That is simply not an appropriate basis to deny summary judgment. Plaintiffs have failed to substantiate any actions of Dana Slackman, other than some amorphous claim of

"threatening" to support their Fourth Amendment claim. That is not sufficient and warrants dismissal of this cause of action.

### 7. Plaintiffs do not even argue that their Procedural and Substantive Due Process claims are substantiated against Dana Slackman

Plaintiffs' procedural due process argument bears no relation to Dana Slackman. Plaintiffs' argument addresses the contention that they were denied a hearing to explain the suspension and to plan and evaluate a Section 504 accommodation. (Plaintiffs' Memorandum of Law, VII, page 33) None of this is remotely within the realm of responsibility of Dana Slackman an independent contractor. Nor do plaintiffs make any argument that Dana Slackman had any responsibility to discuss the suspension or Section 504 accommodations. Dana Slackman lacked authority to conduct any hearing and it simply was not her responsibility as an independent contractor. Likewise, she lacked any authority to conduct an evaluation of plaintiff to determine the need for a Section 504 accommodation.

Plaintiffs' substantive due process claim likewise fails. Plaintiffs' substantive due process rights only protects a student where the government action is "arbitrary, conscious shocking, or oppressive in a constitutional sense, but not against governmental action that is 'incorrect or ill-advised'" *EC v. County of Suffolk*, 882 F. Supp 2d 323, 349 – 350 quoting *Lowrance v. Achtyl*, 20 F. 3d 529, 537 (2d Cir. 1994) The restraint at issue here is not conscious shocking when considered in the context of plaintiff's deteriorating and emotional behavior as well as his eloping from the classroom because it exhibited behavior not only potentially injurious to himself but to others as well.

8. **Plaintiffs do not refute that Dana Slackman violated plaintiffs' rights to equal protection under the law**

Plaintiffs' equal protection argument, references only "school officials and not independent contractors such as Dana Slackman. Furthermore, plaintiffs' premise the argument that the cause of action was sufficiently pled upon the School District's responsibility to investigate the harassment and bullying. Yet nowhere in this argument is an allegation that Dana Slackman had any obligation to investigate. For that reason alone, plaintiffs' equal protection cause of action should be dismissed.

9. **Dana Slackman is entitled to qualified immunity**

Plaintiffs' argument against qualified immunity is clearly misplaced. Qualified immunity is just that, immunity from suit not simply an affirmative defense. *Masciotta v. Clarkstown Cent. Sch. Dist.* 136 F. Supp. 3d 527, 536 (S.D.N.Y. 2015) quoting *City & Cty of San Francisco*, 135 S. Ct. 1765, 1774 (2015) Further, it is appropriate to decide the issue of qualified immunity, when deciding a pre-answer motion to dismiss." *Id.* at 536

Plaintiffs argue that a 219- paragraph complaint is somehow sufficient based upon sheer volume to refute a claim of qualified immunity yet fail to cite to any caselaw for this proposition. At its essence qualified immunity protects government officials when carrying out their duties to make reasonable decisions that may be deemed mistaken in hindsight. While it is not conceded that Dana Slackman was a state actor, but if the Court so concludes, and if the Court further concludes that the actions taken to protect the infant plaintiff were unreasonable in hindsight, it cannot reasonably be said that under all of the allegations presently before this Court she would not be entitled to qualified immunity. *Id.*

10. **State tort law claims should be dismissed**

a. **False imprisonment**

Merely stating the elements of a false imprisonment claim does not establish the cause of action sufficient to withstand a motion to dismiss. Indeed, that the confinement was privileged as is clear here defeats this cause of action. Further, plaintiffs cannot circumvent the failure to substantiate their Fourth Amendment claim with a claim of false imprisonment. This state claim of false imprisonment should be dismissed.

b. **Intentional infliction of emotional distress**

Intentional infliction of emotional distress claims are difficult to establish and not demonstrated here given the context of plaintiff's spiraling out-of-control behavior and the damage and danger he posed to himself and others.

c. **Negligent infliction of emotion distress**

Because of the New York Court of Appeals has cautioned against extending the application of negligent infliction of emotional distress beyond certain limited categories, this cause of action should be dismissed. *Spring v. Allegheny-Limestone Cent. Sch. Dist.*, 217 U.S. Dist. LEXIS 209250 *30 [negligent infliction of emotional distress recognized in New York where plaintiff establishes one of the following: sufficient physical trauma or cause to fear for his safety; was in the zone of danger when an immediate family member was killed or injured; wrongfully notified of the death of a near relative; or remains of a deceased family member being in properly handled]

d. **Assault**

Plaintiffs failed to refute the requisite intent to cause the plaintiff harm necessary for an assault and battery claim to survive. Merely stating the elements of such a clam is insufficient. Simply,

characterizing the events of April 1, 2019 as "outrageous" does not therefore substantiate sufficient pleading to withstand a motion to dismiss.

### e. Punitive damages

To warrant punitive damages there must be proof of ruthlessness or a conscious disregard of the rights of others. Plaintiffs have failed to demonstrate that Dana Slackman was motivated by an evil motive or intent or recklessness or callous indifference to plaintiffs' federally protected rights. *Hogan v. Lewis Cty.*, 2018 U.S. Dist. LEXIS 167064 (N.D.N.Y. 2018) The allegations asserted by plaintiffs lack of foundational basis to support that Dana Slackman was acting with an evil motive or callous indifference. It is simply not plausible that an independent contractor hired by the School District to provide behavioral consultation services somehow developed some evil motive toward plaintiffs. Plaintiffs contention that they would be entitled to punitive damages against Dana Slackman is without merit and should be dismissed. Furthermore, plaintiffs' punitive damages cause of action must be dismissed under New York law because there is no separate claim for punitive damages.

### Conclusion

For the reasons set forth in the Memorandum of Law in support of the motion to dismiss and as more fully stated above, defendant, Dana Slackman requests this Honorable Court grant this motion pursuant to Fed. R. Civ. P. 12(b) and dismiss plaintiffs' complaint with prejudice.

Dated: Albertson, New York
          December 11, 2020

                                        Respectfully submitted,

                                        Maureen Casey