UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CRAIG MOSKOWITZ and BARBARA MOSKOWITZ, each on their own behalf, and as parents on behalf of their minor child, S.M.,

Docket No.: 20-cv-1659
(KAM) (SIL)

Plaintiffs,
-against-

**REPLY DECLARATION IN FURTHER SUPPORT OF THE GREAT NECK DEFENDANTS' MOTION TO DISMISS**

GREAT NECK UNION FREE SCHOOL DISTRICT, THE BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, DANA SLACKMAN, DR. GABRIELLA DUKE, KATE MUGNO, ROBIN TRICHON, DR. ANTHONY IACOVELLI, LUCIANA BRADLEY, and SARA GOLDBERG, each Individually, and in their respective official capacities,

Defendants.
-------------------------------------------------------------------x

**MICHAEL A. MIRANDA**, an attorney duly admitted to practice before this Court, declares that the following statements are true and correct under the penalty of perjury:

1. I am a member of the firm of MIRANDA SLONE SKLARIN VERVENIOTIS LLP, counsel for the Defendants GREAT NECK UNION FREE SCHOOL DISTRICT ("the District"), THE BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, DR. GABRIELLA DUKE, KATE MUGNO, ROBIN TRICHON, DR. ANTHONY IACOVELLI, LUCIANA BRADLEY, and SARA GOLDBERG (collectively, the "Great Neck Defendants"). I am thus familiar with this matter.

2. I submit this Declaration and the accompanying reply memorandum of law in further support of the Great Neck Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. I specifically submit this Declaration to place a document before the Court, which renders the seven

(7) state court causes of action at bar subject to immediate dismissal.

3. Annexed hereto as Exhibit "I" is the December 1, 2020 Decision and Order from the related State court action before the Nassau County Supreme Court, denying Plaintiffs' motion to file a late notice of claim, finding that: (1) the District did not have actual knowledge of the essential facts constituting Plaintiffs' claims within ninety (90) days after accrual; (2) Plaintiffs failed to demonstrate a reasonable excuse for failing to timely file a Notice of Claim; and (3) that the District would be substantially prejudiced in maintaining its defense on the merits due to the delay of well over a year from the deadline to file the Notice of Claim. See Moskowitz v. Great Neck, 609594/2020,pp. 13-14[1] (Sup. Ct. Nassau Co., December 1, 2020).

4. This Court had specifically directed Plaintiffs at bar to the state court for a resolution of these procedural conditions precedent since the undersigned counsel for defendants had raised this issue before your Honor in our pre-motion letter. (Minute Entry and Order dated August 13, 2020.)

5. As Plaintiffs were denied leave to file late notices of claim concerning their state law claims in the related state matter, they can no longer assert these claims before this Court. Since Plaintiffs failed to satisfy the conditions precedent to suit on their state law claims, dismissal is thus justified for all state law claims asserted at bar in their entirety. Accordingly, the seven (7) state law causes of action set forth in plaintiffs' complaint (paragraphs 162 to 200) must be dismissed with prejudice.

---

[1] As there never was a § 50-h examination, this also justifies dismissal of this action's state-law claims. Colon v. Martin, 170 A.D.3d 1109, 1110 (2d Dep't 2019), aff'd, 2020 WL 2200410 (N.Y. May 7, 2020).

6. In view of the foregoing, and for the reasons set forth in the briefs, the Great Neck Defendants' motion to dismiss should be granted in its entirety.

Dated: Mineola, New York
December 11, 2020

        MIRANDA SLONE
        SKLARIN VERVENIOTIS LLP
        Attorneys for the Great Neck Defendants

        _____
        MICHAEL A. MIRANDA
        The Esposito Building
        240 Mineola Boulevard
        Mineola, New York 11501
        (516) 741-7676