```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

CRAIG MOSKOWITZ and BARBARA MOSKOWITZ, each on their own behalf, and as parents on behalf of their minor child, S.M.,

                Plaintiffs,

-against-

GREAT NECK UNION FREE SCHOOL DISTRICT, THE BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, DANA SLACKMAN, DR. GABRIELLA DUKE, KATE MUGNO, ROBIN TRICHON, DR. ANTHONY IACOVELLI, LUCIANA BRADLEY, and SARA GOLDBERG, each Individually, and in their respective official capacities,

                Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-1659 (KAM)(SIL)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

        Plaintiffs Craig Moskowitz and Barbara Moskowitz, on their own behalf and on behalf of their minor child, identified for the purposes of litigation as "S.M." (collectively, "Plaintiffs"), commenced this action on April 1, 2020, against Defendants Great Neck Union Free School District (the "District"), the Board of Education of the Great Neck Union Free School District (the "Board"), Dana Slackman, Dr. Gabriella Duke, Kate Mugno, Robin Trichon, Dr. Anthony Iacovelli, Luciana Bradley, and Sara Goldberg (collectively with Slackman, Duke,

Mugno, Trichon, Iacovelli, and Bradley, the "Individual Defendants," and with the District and the Board, "Defendants"). (*See* ECF No. 1, Compl.)  Plaintiffs alleged violations of: Section 504 of the Rehabilitation Act of 1983 ("Section 504"); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and 42 U.S.C. § 1983 ("Section 1983") with respect to Plaintiffs' Due Process, Equal Protection, and Fourth Amendment rights for the 2017-2018 and 2018-2019 school years, as well as related state law claims for false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent training and supervision, negligent performance of a governmental function, and assault and battery.  (*See* Compl.; *see also* R. & R. at p. 2.)  On December 11, 2020, Defendants filed their motions to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiffs opposed.  (*See* ECF No. 34, Defs.' Mot. to Dismiss; *see also* ECF No. 35, Def. Slackman Mot. to Dismiss; ECF No. 37, Pls.' Opp.)  Defendants filed a reply in support of their motion to dismiss.  (*See* ECF No. 41, Defs.' Reply Mem. of Law.)

On April 1, 2021, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a Report and

Recommendation. (*See* Order Referring Mot., Apr. 1, 2021.) On August 4, 2021, Judge Locke issued a Report and Recommendation recommending that the Court grant in their entirety Defendants' Motion to Dismiss for Failure to State a Claim and Defendant Dana Slackman's Motion to Dismiss for Failure to State a Claim, recommending specifically that: (1) Plaintiffs' Section 504 and ADA claims against the District and the Board be dismissed without prejudice until all administrative remedies are exhausted; (2) Plaintiffs' Section 1983 claims against the District and the Board under the theory of *Monell* liability be dismissed without prejudice, with leave to replead consistent with the recommendation; (3) Plaintiffs' Section 504, ADA, and Section 1983 claims against the Individual Defendants be dismissed with prejudice, as a matter of law; and, (4) Plaintiffs' state law claims be dismissed without prejudice. (*See* ECF No. 42, R. & R. at p. 47.) The Report and Recommendation notified the parties of their right to file written objections within fourteen (14) days of receipt via ECF of the Report and Recommendation. (*Id*. at p. 47.) The parties were thus granted until August 18, 2021, to timely file any objections to the Report and Recommendation. (*See* Docket Order, Aug. 4, 2021.) No objections have been filed.

Where no objections to a Report and Recommendation are made, a district court reviews the Report and Recommendation for

3

clear error. *See Johnson v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*, No. 17-cv-00056 (AMD)(JO), 2017 WL 4402453, at *1 (E.D.N.Y. Oct. 2, 2017) (citing *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Grp., Inc.*, No. 09-cv-3463 (PKC)(ARL), 2015 WL 867010, at *1 (E.D.N.Y. Feb. 27, 2015) (reviewing Report and Recommendation for clear error where no objections were made). Upon a careful review of the record and Judge Locke's thorough, well-reasoned Report and Recommendation, the Court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court.

Accordingly: (1) Plaintiffs' Section 504, ADA, and 1983 claims against the District and the Board are dismissed without prejudice, provided that Plaintiffs' first timely exhaust all administrative remedies; (2) Plaintiffs' Section 1983 claims against the District and the Board under the theory of *Monell* liability are dismissed without prejudice, with leave to replead consistent with Judge Locke's Report and Recommendation; (3) Plaintiffs' Section 504, ADA, and Section 1983 claims against the Individual Defendants are dismissed with prejudice as a matter of law; and, (4) Plaintiffs' state law claims are dismissed without prejudice to refile. Defendants' motions to dismiss are GRANTED in their entirety.

Plaintiffs are granted thirty (30) days to file an amended complaint. Failure to do so will result in an entry of

4

judgment in favor of Defendants.

**SO ORDERED.**

Dated:   August 31, 2021
         Brooklyn, New York

                                                                     /s/ Kiyo A. Matsumoto
                                                                     Kiyo A. Matsumoto
                                                                     United States District Judge